**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CHESTER B. HARRIS, JR., # 422566          *

Petitioner          *

v          *          Civil Action No. ELH-14-2757

SOLOMAN HEJERIKA, et al.          *

Respondents          *
          ***

## MEMORANDUM

Chester B. Harris, Jr. has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  ECF 1.  Respondents have answered, seeking dismissal of the petition as unexhausted. ECF 11.  Petitioner has filed an opposition.  ECF 14.  The issues are fully briefed, and no hearing is necessary to resolve the dispute.  Local Rule 105.6 (D. Md. 2011).  The court now rules pursuant to Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons that follow, the petition will be dismissed, without prejudice, for lack of exhaustion.

## BACKGROUND

Harris challenges his judgment of conviction in the Circuit Court for Baltimore City, Maryland, for second-degree assault. On February 11, 2014, the Circuit Court sentenced Harris to ten years in prison, with all but six years suspended and five years of probation upon release. ECF 1-1, Ex. 1.

On February 24, 2014, Harris, through counsel, filed an appeal to the Maryland Court of Special Appeals of Maryland.  ECF 1-1 at 7.  On June 16, 2014, Harris filed a petition for post-conviction relief in the Circuit Court for Baltimore City, which was stayed by the court pending

the outcome of Harris's direct appeal. ECF 11-1, Ex. 1 at 9. On July 11, 2014, Harris filed a

motion to withdraw his direct appeal. *Id.* On August 18, 2014, the appeal was dismissed. ECF

11-1 at 13. On January 26, 2015, Harris filed a post-conviction petition in the Circuit Court for

Baltimore City, where it is pending. [1]

## DISCUSSION

Before bringing a federal habeas petition, state prisoners must first exhaust their claims in

the appropriate state court. Failure to exhaust all claims requires dismissal of the complaint to

allow the petitioner to first present his claims to the appropriate state courts. *See* 28 U.S.C. §

2254(b); *Granberry v. Greer*, 481 U.S. 129 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *Preiser*

*v. Rodriguez*, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner

"must give the state courts one full opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999). If a petitioner has failed in any of these ways, and if there remains a

reasonable possibility that there is an available procedure for the prisoner to secure review by the

state courts, either by way of direct appeal or a post-conviction proceeding, the claim is not

exhausted. *See* 28 U.S.C. § 2254(c); *Gray v. Netherland*, 518 U.S. 152, 161–66 (1996).

Harris claims in his federal petition for habeas corpus relief that he is wrongfully detained

in state custody because: (1) his sentence is illegal; (2) he was denied bail and an appeal bond;

(C) his constitutional right to examine witnesses was violated; and (D) his right to due process

was violated by the victim's courtroom outburst. ECF 1 at 6-7. None of the claims raised in

Harris's petition has been litigated in all appropriate state courts. As noted, Harris's state post-

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiry
Detail.jis?caseId=813206022&loc=69&detailLoc=DSK8.

conviction proceedings are pending.  Therefore, he has not satisfied the exhaustion requirement, and this case will be denied without prejudice for lack of exhaustion.[2]

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c)(1).  "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id*. at § 2253(c)(2).  The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 27 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack,* 529 U.S. at 484 (2000)).  Harris does not satisfy this standard, and a certificate of appealability will not issue.

---

[2] Harris should be mindful that if he intends to pursue federal habeas corpus relief after exhausting his state court remedies, a one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2254. The Clerk will be directed to send Harris a § 2254 information and forms packet to assist him if he wishes to file a federal petition at a later date.

**CONCLUSION**

For these reasons, the petition will be dismissed, without prejudice, by separate Order.


February 13, 2015                                    _____/s/_____
Date                                                 Ellen Lipton Hollander
                                                     United States District Judge